**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.                                                          CASE NO: 3:14-cr-14-J-20MCR

DAMON DELVION COOPER                ORDER ON MOTION FOR
                                                                  SENTENCE REDUCTION UNDER
                                                                  18 U.S.C. § 3582(c)(1)(A)

_____

**O R D E R**

This case is before the Court on Defendant Damon Delvion Cooper's "Second Motion for Reconsideration or Relief from Judgment," (Doc. 120, Motion), which challenges the Court's denial without prejudice of his motion for compassionate release. Defendant is a 47-year-old inmate incarcerated at Forrest City Low FCI, serving a 72-month term of imprisonment for conspiracy to distribute 5F–PB–22, a synthetic cannabinoid that is a controlled substance analogue. (Doc. 106, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on May 9, 2023.

On April 30, 2020, Defendant filed an emergency motion for compassionate release, requesting immediate release because of the Covid-19 pandemic and because he claimed to have severe high blood pressure, pulmonary hypertension, and chronic acid reflux. (Doc. 114). The Court denied the motion without prejudice on May 15, 2020 because Defendant had not exhausted administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A). (Doc. 115).[1] Defendant filed a

---

[1]   Section 3582(c)(1)(A) provides in relevant part:

   (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of

motion for reconsideration on May 27, 2020 (Doc. 116), which was denied on June 15, 2020 (Doc. 117). Then, on June 23, 2020, Defendant filed a notice of appeal from the aforementioned orders. (Doc. 118). That appeal remains pending. United States v. Cooper, No. 20–12470–H (11th Cir.).

Defendant filed the "Second Motion for Reconsideration" on July 10, 2020, more than two weeks after he filed the notice of appeal. Defendant asserts that he has satisfied § 3582(c)(1)(A)'s exhaustion requirement, which he supported by attaching a reduction-in-sentence (RIS) request that was submitted to the warden on May 18, 2020. (Doc. 120-2, RIS Request). Defendant also attached the warden's denial letter, dated June 26, 2020. (Doc. 120-1, Warden's Denial). For ease of analysis, and because Defendant is pro se, the Court construes the Second Motion for Reconsideration as a Renewed Motion for Compassionate Release under § 3582(c)(1)(A).

Because Defendant filed a notice of appeal, the Court must first determine whether it has jurisdiction over the Renewed Motion for Compassionate Release. Ordinarily, the filing of a notice of appeal divests the district court of jurisdiction "over the aspects of the case involved in the appeal." United States v. Diveroli, 729 F.3d 1339, 1341 (11th Cir. 2013). However, Rule 37 of the Federal Rules of Criminal Procedure ("Rule(s)") gives a district court authority to issue certain types rulings on a motion despite a pending appeal. Under that Rule,

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:

> imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction …
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

> (1) defer considering the motion;
>
> (2) deny the motion; or
>
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Crim. P. 37(a).

The Renewed Motion for Compassionate Release is "a timely motion" under Rule 37(a) because Defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement. Defendant submitted an RIS request to the warden on May 18, 2020. (Doc. 120-2). The warden denied the request on June 26, 2020. (Doc. 120-1). Defendant filed the Renewed Motion for Compassionate Release on July 10, 2020, more than 30 days after he submitted the RIS request to the warden. As the United States conceded in United States v. Ruvel Smith, — F. Supp. 3d —, 2020 WL 5106694, at *3–4, (M.D. Fla. Aug. 31, 2020), and as the Court independently determined, a defendant fulfills the compassionate release statute's 30-day exhaustion alternative when he submits a request for compassionate release to the warden of his facility and waits at least 30 days to file a motion for compassionate release. Because Defendant has satisfied that requirement, his Renewed Motion is "timely" under Rule 37 and the Court has jurisdiction either to defer consideration, deny the Motion, or indicate that the Motion has merit.

A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). As the Third Circuit Court of Appeals has observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d

594, 597 (3d Cir. 2020).

Defendant has not demonstrated extraordinary and compelling reasons warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A). He asserts that he has pulmonary hypertension, high blood pressure, high cholesterol, and chronic acid reflux, and that these conditions put him at greater risk for severe illness or death from Covid-19. According to the Centers for Disease Control (CDC), certain underlying conditions are known to increase the risk of serious infection from coronavirus, and other conditions <u>might</u> increase the risk of serious infection.[2] Pulmonary hypertension falls into the former category, while general high blood pressure falls into the latter category. High cholesterol and acid reflux do not fall into either category.

Defendant attached medical records to his first motion for reconsideration, which support his assertion that he has pulmonary hypertension, high blood pressure, hyperlipidemia, and acid reflux disease. (Doc. 116-1, BOP Records at 11-13). However, the records do not support Defendant's description of his high blood pressure as "severe." The records indicate that Defendant's conditions are treated by medication: amlodipine and lisinopril for blood pressure, atorvastatin for high cholesterol, carvedilol for pulmonary hypertension, and omeprazole for acid reflux. (<u>Id.</u> at 11-12). There is no indication that any of Defendant's conditions impair his ability to function or to provide self-care. Indeed, Defendant's BOP progress report reflects that he is classified as a Care Level 2 stable chronic care inmate. (<u>Id.</u> at 4). Moreover, the presentence investigation report (PSR), which was prepared in February 2018, states that Defendant "has no history of serious illnesses or hospitalizations prior to his arrest in the instant offense." (Doc. 99, PSR at ¶ 59). The warden of Defendant's facility reviewed his RIS request and concluded that

---

[2] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

4

Defendant's "concern about being potentially exposed to, or possibly contracting, COVID-19 does not currently warrant an early release from your sentence." (Doc. 120-1 at 2). In view of all the circumstances, the Court concludes that neither Covid-19 nor Defendant's conditions qualify as extraordinary and compelling circumstances.[3]

Moreover, the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in sentence. The Court determined that a term of 72 months in prison was warranted to accomplish the statutory purposes of sentencing. As of this date, Defendant has completed about 34 months of his sentence, or just under 50% of the full term of imprisonment. According to the BOP, he has about two and a half years left on his sentence accounting for good time credits. In view of all the § 3553(a) factors, the Court concludes that a sentence reduction is not warranted at this time.[4]

Accordingly, Defendant's "Second Motion for Reconsideration" (Doc. 120), construed as a Renewed Motion for Compassionate Release, is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 9th day of December, 2020.

HARVEY E. SCHLESINGER
United States District Judge

---

[3]  The Court recognizes there is a split of authority over whether district courts are bound by the list of extraordinary and compelling reasons contained in U.S.S.G. § 1B1.13, cmt. 1(A)-(D). See, e.g., United State v. Ruffin, 978 F.3d 1000, 1006–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 234 (2d Cir. 2020). The Court's decision does not depend on the resolution of that issue because it would reach the same conclusion if it had independent authority to identify extraordinary and compelling reasons.

[4]  The Court takes note of the BOP's latest statistics regarding Covid-19 at Forrest City Low. According to the latest data, 57 inmates and 15 staff members are currently positive for coronavirus (out of 1,642 total inmates). https://www.bop.gov/coronavirus/. Last accessed December 8, 2020. In addition, 612 inmates and four staff members have recovered from the virus. Notably, no inmates or staff members are reported to have died from Covid-19 at Forrest City Low.

lc 19

Copies:
Counsel of record
Defendant
Clerk of Court, United States Court of Appeals for the Eleventh Circuit